IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK T. ALLEN,** #N-94327, | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) Case No. 15-cv-00175-MJR |
| **C/O WESTFALL, J. ENGELAGE, C/O BERNER, M. HANKS, C/O HOPP, C/O KEMPLER, C/O HOFFMAN,** and **C/O REYNOLDS,** | ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Roderick Allen is currently incarcerated at Menard Correctional Center ("Menard"). On February 19, 2015, he filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he has been subjected to unconstitutional conditions of confinement and inadequate medical care at Menard for the past four years, in violation of the Eighth Amendment. In connection with these alleged constitutional deprivations, Plaintiff sues eight Menard officials for monetary damages and injunctive relief (Doc. 1, pp. 17-18). The complaint currently awaits review under 28 U.S.C. § 1915A.

On March 9, 2015, Plaintiff filed a motion to withdraw the complaint and submit it at a later date (Doc. 3). The only reason offered in support of the motion is that Plaintiff named the wrong individual as a lead defendant. This kind of error can be cured at the early pleadings stage by filing an amended complaint. FED. R. CIV. P. 15. Although Plaintiff has not yet done so, he seeks leave to file an amended pleading at a later date. Plaintiff's motion shall be granted. However, the Court cannot allow this matter to linger indefinitely. Therefore, Plaintiff shall be

ordered to file his amended complaint on or before **April 15, 2015**, consistent with the instructions below.

In addition, the Court notes that this case was opened without payment of a filing fee or the filing of a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP motion"). On February 19, 2015, the Clerk of Court sent Plaintiff a letter (Doc. 2) advising him that he must pay the filing fee of $400.00 or file an IFP motion within thirty (30) days (i.e., by March 21, 2015). Included with this letter was a form IFP motion. Plaintiff was clearly warned that failure to pay the full filing fee or to file an IFP motion before this deadline would result in dismissal of this case (*Id.*). To date, Plaintiff has not tendered payment of the $400.00 filing fee or filed an IFP motion. In order to proceed with this action, he must do one or the other. Plaintiff's deadline for paying the $400.00 filing fee or filing an IFP motion shall be extended, so that it is consistent with the deadline for filing his amended complaint (**on or before April 15, 2015**).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion to withdraw complaint (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before April 15, 2015.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

When filing the First Amended Complaint, it is strongly recommended that Plaintiff use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ORDERED** to provide the Court with a filing fee of $400.00 or a properly completed IFP motion on or before **April 15, 2015.** If Plaintiff files an IFP motion, the Court must review Plaintiff's trust fund account statement for the 6 month period immediately preceding the filing of this action. Thus, Plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 9/1/2014 to 2/19/2015. This information should be mailed

to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

To enable Plaintiff to comply with these orders, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and another Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs.

Plaintiff is also **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his address. The Court will not independently investigate Plaintiff's whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.

**Failure to comply with this Order shall result in dismissal of this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

DATED: March 10, 2015.

s/ MICHAEL J. REAGAN
**Chief Judge**
