IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, )<br>#N84327, )<br>  )<br>  Plaintiff, )<br>  )<br>  vs. )<br>  )<br>J. ENGELAGE )<br>and C/O REYNOLDS, )<br>  )<br>  Defendants. ) | Case No. 15-cv-00175-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter comes before the Court for consideration of Plaintiff Roderick Allen's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 6). Plaintiff has accumulated more than three "strikes" by filing lawsuits that were dismissed for failure to state a claim upon which relief may be granted or for raising frivolous claims.[1] Under the circumstances, he may not proceed IFP in a new civil action, unless he faces imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). In order to make this determination, the Court normally reviews the IFP motion and the complaint.

The Court has been unable to do so to date. Shortly after Plaintiff filed his complaint on February 19, 2015 (Doc. 1), he filed a motion to withdraw it on March 9, 2015 (Doc. 3). The Court granted Plaintiff's motion and ordered him to file an amended complaint on or before

---

[1] *Allen v. Chapman, et al.*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez, et al.*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013); and *Allen v. Bower, et al.*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed March 17, 2014); *Allen v. Chapman*, Case No. 14-cv-348-JPG (S.D. Ill., dismissed Jun. 24, 2014).

April 15, 2015 (Doc. 4).  Although Plaintiff filed his IFP motion on March 20, 2015, the motion did not mention imminent danger.

Plaintiff requested three extensions of the deadline to file his amended complaint (Docs. 5, 8, 10).  The Court granted his first two requests (Docs. 7, 9), but denied the third (Doc. 11).  Under the second extended deadline, Plaintiff's amended complaint was due on or before June 19, 2015 (Doc. 12).  The Court received the amended complaint from Menard on June 25, 2015.  Because Plaintiff's affidavit of service indicates that he placed the pleading in the institutional mail on June 19, 2015, the Court will accept the amended complaint as timely under the prison mailbox rule (Doc. 12, p. 18).[2]  *See Taylor v. Brown*, --- F.3d ---, 2014 WL 9865341, at *6 (7th Cir. Jun. 2, 2015).

The IFP motion is now ripe for review.  However, Plaintiff's amended complaint and IFP motion support no finding that Plaintiff faces imminent danger of serious physical injury.  Section 1915(g) therefore precludes Plaintiff from proceeding IFP in this case, and the IFP motion shall be **DENIED**.

## Discussion

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of

---

[2] Under the prison mailbox rule, a *pro se* prisoner's legal documents are considered filed on the date that they are tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or scanned.  *Taylor*, --- F.3d ---, 2014 WL 9865341, at *6.  Plaintiff's certificate of service indicates that he placed the amended complaint in the institutional mail on June 19, 2015, i.e., the court-imposed deadline (Doc. 12, p. 18).  It is therefore considered timely, despite the fact that the amended complaint was scanned and received by the Court six days after the deadline.

the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff submitted an affidavit of indigence that is sufficient as to form.

Even so, Plaintiff is barred from proceeding IFP. *See* 28 U.S.C. § 1915(g). According to Section 1915(g), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's IFP motion must be denied on these grounds.

When asked whether he had "begun any other lawsuits in state or federal court relating to [his] imprisonment," Plaintiff disclosed ten lawsuits that he filed in this District (Doc. 1, p. 3). He mentioned filing "several other lawsuits" without providing any details. *Id*. In fact, Plaintiff has filed eighteen lawsuits and/or appeals since 2011.[3]  *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). According to the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), five of the twelve lawsuits that Plaintiff filed in this District resulted in the assessment of a "strike" because the suits were dismissed as frivolous, malicious, or for failure to state a claim. *See Allen v. Chapman, et al.*, Case No. 11-cv-1130-MJR (S.D. Ill.,

---

[3] Plaintiff should have disclosed all eighteen lawsuits, with the exception of any he commenced after filing this action. Because most of the undisclosed cases represent appeals taken from actions that Plaintiff commenced in this District (and include no "strikes"), he will not be penalized for failing to disclose this information at this time. However, Plaintiff is cautioned against omitting this information in the future; failure to do so may result in the imposition of sanctions.

dismissed Aug. 29, 2012); *Allen v. Godinez, et al.*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013); *Allen v. Bower, et al.*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed Mar. 17, 2014); and *Allen v. Chapman*, Case No. 14-cv-348-JPG (S.D. Ill., dismissed Jun. 24, 2014).[4]  Because Plaintiff has incurred more than three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless his is under imminent danger of serious physical injury.

Plaintiff has failed to satisfy this requirement. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff does not claim to be in imminent danger in his IFP motion (Doc. 6). Plaintiff's amended complaint supports no such finding (Doc. 12). In it, Plaintiff alleges that two

---

[4] Of the six appeals that Plaintiff filed in the Seventh Circuit Court of Appeals, none resulted in "strikes." Three are currently pending, and three were dismissed for failure to pay the filing fee. In two that involve claims against prison officials who allegedly attempted to kill Plaintiff by administering a contaminated tuberculosis skin test, the Seventh Circuit revoked Plaintiff's IFP status after finding that "no reasonable person would suppose that Allen's appeal has merit." *See Allen v. Chapman, et al.*, Appeal No. 12-3162 (7th Cir. 2012) (Doc. 17); *Allen v. Grooves*, et al., Appeal No. 12-2543 (7th Cir. 2012) (Doc. 5).

correctional officers at Menard Correctional Center ("Menard"), i.e., C/O Engelage and C/O Reynolds, denied Plaintiff exercise opportunities and adequate nutrition.

The denial of adequate exercise opportunities can result in serious health consequences that give rise to an Eighth Amendment claim.  *See, e.g., Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001) (inmate denied yard access for six months suffered constitutional deprivation); *Pearson v. Ramos*, 237 F.3d 881, 884-85 (7th Cir. 2001) (denial of yard privileges for more than ninety days may be cognizable under Eighth Amendment); *see also Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 810 (10th Cir. 1999) (nine month denial of outdoor exercise states Eighth Amendment claim).  Likewise, the denial of a nutritionally adequate diet can support an Eighth Amendment claim against those officials who are responsible for the deprivation.  *See, e.g., Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (nutritionally inadequate food resulting in malnutrition supported claim); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (reversing dismissal of *pro se* prisoner's claim that he received "not just ran[c]id food" but also a "nutritionally deficient" diet).  Whether these deprivations support a finding that a plaintiff faces imminent danger of serious physical injury is another question.

And as for Plaintiff's claim that he was denied adequate exercise opportunities, this is a question that the Court cannot answer.  Given obviously conflicting allegations, the Court cannot assess the scope of the deprivation or its urgency.  On the one hand, Plaintiff alleges that "[w]ith only one exception (Nov. 25, 2011), Plaintiff has never been allowed outside of the cell in which he is housed for outdoor exercise" (Doc. 12, p. 6).  On the other hand, Plaintiff goes on to allege that "the denial of outdoor yard was not consist[e]nt but did occur" between March and April 2015 (Doc. 12, p. 14).  He further alleges that since April 2015, C/O Dunbar has denied him access to outside yard, but does not allege that other officers did the same (including either

C/O Engelage or C/O Reynolds). Given this conflicting information, the Court cannot determine the extent of the deprivation or analyze the dangers it poses to Plaintiff's physical health. Plaintiff's additional failure to address in-cell exercise opportunities adds nothing to his claim of imminent danger.

What is more, the amended complaint does not mention C/O Engelage in connection with the claim at all. C/O Reynolds is mentioned only once. According to the allegations, C/O Reynolds was "the first gallery officer" to deny Plaintiff outdoor yard in 2011, based solely on his refusal to submit to a tuberculosis skin test (Doc. 12, p. 14). Whether C/O Reynolds denied Plaintiff access to outdoor yard more than once is unclear. What is clear is that a denial of outdoor yard occurring four years ago is too remote to support a finding of imminent danger. *See Ciarpaglini*, 352 F.3d at 330 (holding that allegations of past harm do not suffice to establish imminent danger).

Although Plaintiff's inadequate nutrition claim "gives the Court pause," just as it has done before, the allegations in the amended complaint do not support a finding that Plaintiff's nutritionally inadequate diet places him in imminent danger. *See Allen v. Hanks, et al.*, Case No. 14-cv-883-JPG (S.D. Ill. 2014) (Doc. 3, pp. 6-7). According to the amended complaint, Plaintiff was given food trays with reduced portion sizes for a six-month period (July 18, 2014 - January 31, 2015). He estimates that he received half of the standard portions of food. Consequently, Plaintiff lost an "excessive" amount of weight. He also suffered from bouts of constipation. Plaintiff claims that his compromised physical appearance places him at greater risk of attack by other inmates.

This is not the first time that Plaintiff has asserted this claim. *See id.* Once again, his allegations fail to support a finding of imminent danger. He claims that he has suffered from

"excessive" weight loss, but offers no further information in this regard. The complaint is devoid of allegations addressing his actual weight before or after his food portions were reduced, his current weight, the total amount of his weight loss, or other factors impacting his weight (e.g., illness or hunger strike). Further, Plaintiff's prayer for relief is unrelated to this claim. In it, he seeks an order granting him access to outdoor exercise opportunities. Finally, Plaintiff's related claim that his compromised physical appearance places him at risk of attack by other inmates is conclusory. *See Ciarpaglini*, 352 F.3d at 331 ("prisoner's claims of imminent danger [that] are conclusory or ridiculous" do not satisfy Section 1915(g)).

Having made no showing of imminent danger, Plaintiff cannot proceed *in forma pauperis* in this action. Accordingly, the IFP motion must be denied (Doc. 6). Plaintiff is obligated to pay the full filing fee of $400.00 for this action. If he would like the Court to proceed with a preliminary review of his amended complaint under 28 U.S.C. § 1915A, Plaintiff must prepay the full amount of this filing fee within thirty (30) days of this Order (on or before August 5, 2015).

### Pending Motion

Buried in the 34-page exhibit to Plaintiff's amended complaint is a motion for a temporary restraining order ("TRO") and preliminary injunction (Doc. 12-1, pp. 9-11) and supporting memorandum of law (Doc. 12-1, pp. 12-16). In the motion, Plaintiff seeks an order allowing him to attend outside yard while this action is pending.

A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

FED. R. CIV. P. 65(b)(1)(A).  Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm."  *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

In contrast to a TRO, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion.  *See* FED. R. CIV. P. 65(a)(1).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff's request for relief is not supported by the allegations in his amended complaint or his motion.  Liability under 42 U.S.C. § 1983 is premised on personal involvement in the deprivation of a constitutional right.  *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (citing *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)).  Plaintiff's exercise claim arises under the Eighth Amendment.  He sues C/O Engelage and C/O Reynolds for denying him opportunities to exercise outside.  Although the deprivation of exercise can rise to the level of an Eighth Amendment violation, Plaintiff has not demonstrated that either defendant was personally involved in a violation.

Neither pleading suggests that these defendants denied Plaintiff an opportunity to exercise outside.  The amended complaint does not mention C/O Engelage at all in connection with this claim.  The only allegation pertaining to C/O Reynolds addresses the 2011 denial of outdoor exercise on one occasion.  These allegations fall far short of stating a claim against

either defendant, let alone supporting a request for emergency relief. Accordingly, the motion for TRO and preliminary injunction shall be **DENIED** without prejudice.

## Disposition

The **CLERK** is hereby **DIRECTED** to create a separate docket entry in CM/ECF for Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 12-1, pp. 9-11) and supporting memorandum of law (Doc. 12-1, pp. 12-16).

**IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff's motion for temporary restraining order and preliminary injunction is **DENIED** without prejudice.

**IT IS ALSO ORDERED** that, for the reasons stated above, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within thirty (30) days of the date of entry of this Order (on or before August 5, 2015). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee for this case remains due and payable—and will be collected one way or another. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 6, 2015**

**s/ MICHAEL J. REAGAN**
**United States Chief District Judge**
