IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, #N94327, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   Case No. 15-cv-00175-MJR ) |
| J. ENGELAGE and C/O REYNOLDS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Roderick Allen, an inmate at Menard Correctional Center ("Menard"), has indulged in a four-year filing spree in this District. During this time, he has filed nineteen civil rights actions or appeals pursuant to 42 U.S.C. § 1983 against various state officials. Most of these actions have been dismissed because they were frivolous or failed to state a claim for relief. In the process, Plaintiff has racked up $6,625.00 in filing fees.[1] He has paid none of these fees to date.

---

[1] The unpaid fees that Plaintiff owes in each of the cases that he has filed in this District are as follows: *Allen v. Chapman*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012) ($350.00); *Allen v. Godinez*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012) ($350.00); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 23, 2013) ($350.00); *Allen v. Bower*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed Mar. 17, 2014) ($400.00); *Allen v. Cartwright*, Case No. 14-cv-98-MJR-SJW (S.D. Ill. 2014) ($350.00); *Allen v. Chapman*, Case No. 14-cv-348-JPG (S.D. Ill., dismissed Jun. 24, 2014) ($400.00); *Allen v. Mennenrich*, Case No. 14-cv-380-JPG (S.D. Ill., dismissed July 7, 2014) ($400.00); *Allen v. Hanks*, Case No. 14-cv-883-JPG (S.D. Ill., dismissed Nov. 3, 2014) ($400.00); *Allen v. Engelage*, Case No. 15-cv-175-MJR (S.D. Ill., IFP denied and dismissed pursuant to this order) ($400.00); *Allen v. Dunbar*, Case No. 15-cv-587-MJR (S.D. Ill., IFP denied and subject to dismissal) ($400.00). The unpaid fees that Plaintiff owes in each of his related appeals are as follows: *Allen v. Chapman*, App. No. 12-3162 (7th Cir., dismissed Jan. 17, 2013) ($455.00); *Allen v. Godinez*, App. No. 12-3543 (7th Cir. Jan. 16, 2013) ($455.00); *Allen v. Bower*, App. No. 14-2249 (7th Cir., dismissed Jan. 23, 2015) ($505.00); *Allen v. Cartwright*, App. No. 15-1236 (7th Cir., dismissed July 15, 2015) ($505.00); *Allen v. Cartwright*, App. No. 15-1259 (7th Cir., dismissed July 15, 2015) ($505.00). Excluded from this total are the filing fees that Plaintiff

On two separate occasions, the Court has ordered Plaintiff to show cause why he should not be barred from further litigation in this District until these fees are paid. *See Allen v. Mennenrich*, Case No. 14-cv-380-JPG (S.D. Ill., dismissed July 7, 2014) (Doc. 15); *Allen v. Hanks*, Case No. 14-cv-883-JPG (S.D. Ill., dismissed Nov. 3, 2014) (Doc. 9). He has narrowly escaped a filing ban each time. Still, the filing spree continues.

In fact, Plaintiff appears to have gained momentum. This year alone (and since declining to impose a filing ban in 2014), Plaintiff has filed seven new lawsuits or appeals.[2] Time and again, he does not satisfy the requirements for proceeding *in forma pauperis* ("IFP") and also fails to pay his filing fee for the action. This waste of judicial resources must stop. Pursuant to this Order, Plaintiff's case shall be dismissed and a filing ban imposed.

## Dismissal of Case

Prior to commencing this action, Plaintiff "struck out" by filing three or more lawsuits that were dismissed at screening because they were frivolous or failed to state any claim for relief.[3] *See* 28 U.S.C. 1915A. The first three actions that Plaintiff filed in this District resulted in "strikes." Under the circumstances, Plaintiff was prohibited from proceeding IFP in any new action, unless he faced imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

---

currently owes in the following four pending cases: *Allen v. Hanks*, Case No. 14-cv-591-JPG-PMF (S.D. Ill., filed May 22, 2014); *Allen v. Asselmeier*, Case No. 15-cv-334-NJR-DGW (S.D. Ill., filed Mar. 27, 2015); *Allen v. Hanks*, App. No. 15-1491 (7th Cir., filed May 1, 2015); *Allen v. Hanks*, Case No. 15-cv-863-SMY (S.D. Ill., filed Aug. 5, 2015).

[2] *See Allen v. Engelage*, Case No. 15-cv-175-MJR (S.D. Ill., filed Feb. 19, 2015); *Allen v. Asselmeier*, Case No. 15-cv-334-NJR-DGW (S.D. Ill., filed Mar. 27, 2015); *Allen v. Dunbar*, Case No. 15-cv-587-MJR (S.D. Ill., filed May 28, 2015); *Allen v. Hank*, Case No. 15-cv-863-SMY (S.D. Ill., filed Aug. 5, 2015); *Allen v. Cartwright*, App. No. 15-1236 (7th Cir., filed Feb. 6, 2015); *Allen v. Cartwright*, App. No. 15-1259 (7th Cir., filed Feb. 10, 2015); *Allen v. Hanks*, App. No. 15-1491 (7th Cir., filed May 1, 2015).

[3] *Allen v. Chapman*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013); and *Allen v. Bower*, Case No. 13-cv-931-MJR (S.D. Ill., dismissed Mar. 17, 2014); *Allen v. Chapman*, Case No. 14-cv-348-JPG (S.D. Ill., dismissed Jun. 24, 2014).

Plaintiff could not clear the 3-strikes hurdle in this matter because his pleadings set forth no allegations suggesting that he faced any imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The Court therefore denied Plaintiff's IFP motion on July 6, 2015 (Doc. 13, pp. 7, 9). He was ordered to remit payment of the full filing fee on or before August 5, 2015, in order to proceed with the action (Doc. 13, pp. 7, 9). In no uncertain terms, the Court warned Plaintiff that failure to meet this deadline would result in dismissal of the action without relieving him of his obligation to pay the full filing fee of $400.00. *See Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

The deadline has now passed. Plaintiff has not paid any portion of the $400.00 fee. He has not notified the Court about any impediments to payment. In fact, the Court has received no communication from Plaintiff in this matter since June 25, 2015. The action shall be dismissed for failure to comply with an Order of this Court. *Id.*; FED. R. CIV. P. 41(b).

### Sanctions

Sanctions are appropriate in this case. The Seventh Circuit has clearly instructed that when a prisoner becomes ineligible to continue litigating under Section 1915(g) and continues to file suits without paying the necessary filing fee, a filing bar is an appropriate solution. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order

forbidding further litigation."). *See also Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid.").

Plaintiff has utterly disregarded the Court's warnings against racking up additional unpaid filing fees for actions that fail to satisfy Section 1915(g). The instant action represents the *tenth* lawsuit that Plaintiff has filed in this District. Of these, four were dismissed as being frivolous or for failing to state a claim. Numerous others did not satisfy Section 1915(g), including the instant action. Plaintiff failed to pay the filing fee in all of these cases.

Plaintiff has already been warned twice not to undertake such conduct. *See Allen v. Mennenrich*, Case No. 14-cv-380-JPG (S.D. Ill., dismissed July 7, 2014) (Doc. 15); *Allen v. Hanks*, Case No. 14-cv-883-JPG (S.D. Ill., dismissed Nov. 3, 2014) (Doc. 9). The conduct continues. No end is in sight.

Plaintiff filed this action on February 19, 2015 (Doc. 1). Since February, Plaintiff has filed three more lawsuits in this District and three new appeals in the Seventh Circuit Court of Appeals, for a total of seven new actions this year. He has paid nothing toward the fees that he owes in any of his cases. Excluding pending cases, Plaintiff's unpaid filing fees total $6,625.00.

The Court will not tolerate this waste of judicial resources. A filing ban shall now be entered against Plaintiff.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b); *Ladien,* 128 F.3d 1051; *Johnson,* 34 F.3d 466. This dismissal shall **NOT** count as another "strike" under 28 U.S.C.

§ 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

### Filing Restriction

**IT IS FURTHER ORDERED** that Plaintiff Roderick Allen, #R94327, is hereby **RESTRICTED** from filing any new civil actions in this Court until such time as his outstanding filing fees of $6,625.00 have been paid in full. This filing restriction does not extend to a notice of appeal from this Order (which shall result in the imposition of an additional $505.00 filing/docketing fee), to the filing of any petition for a writ of habeas corpus, or to pleadings filed as a defendant in another criminal or civil case. *See Mack*, 45 F.3d 185; *Newlin*, 123 F.3d 429. In accordance with this precedent, Plaintiff may seek modification or rescission of this Order, by filing a motion in this Court *no earlier* than two years from the date of entry of this Order, assuming that he fails to pay the balance of his filing fees within that two years. Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this Order.

Should Plaintiff attempt to file any new civil action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this Order to the Plaintiff unfiled.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff's address of record in this case.

**IT IS FURTHER ORDERED** that the agency having custody of the Plaintiff **SHALL REMIT** the $400.00 filing fee for this action from Plaintiff's prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months,

Case 3:15-cv-00175-MJR Document 15 Filed 08/18/15 Page 6 of 7 Page ID #150

whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prisoner trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. In addition, Plaintiff shall note that the filing fees for multiple cases accumulate. *See Newlin*, 123 F.3d at 436; *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). A prisoner who files one suit must remit 20% of his monthly income to the Clerk of Court until his fees have been paid; a prisoner who files a second suit or appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436. "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id.* Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Menard Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons*, 547 F.3d at 725-26; *Sloan*, 181 F.3d at 858-59; *Lucien*, 133 F.3d at 467. Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R.

Page **6** of **7**


App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents.

The Clerk is **DIRECTED** to enter a judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  August 18, 2015**

> s/ MICHAEL J. REAGAN
> Chief Judge
> United States District Court