# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK T. ALLEN,** ) <br> **#N94327,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **J. ENGELAGE** ) <br> **and C/O REYNOLDS,** ) <br> ) <br> Defendants. ) | Case No. 15-cv-00175-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

This matter is now before the Court for consideration of a Motion for Modification or Rescission of Filing Ban that was filed by Plaintiff Roderick Allen on September 7, 2017. (Doc. 20). The filing restriction at issue was imposed on August 18, 2015. (Doc. 15, p. 7). On that date, this Court entered an Order restricting Plaintiff from filing any new civil actions in this District until such time as his outstanding filing fees of $6,625.00 were paid in full. *Id.* (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (1995); *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997)). The filing restriction did not extend to a notice of appeal filed in this case, a petition for writ of habeas corpus, or any pleadings filed as a defendant in another criminal or civil case. *Id.* Further, it was not perpetual. Plaintiff was informed that he "may seek modification or rescission of this Order, by filing a motion in this Court *no earlier* than two years from the date of entry of this Order, assuming that he fails to pay the balance of his filing fees within that two years." (Doc. 15, p. 5) (emphasis in original). Plaintiff now asks the Court to lift the filing restriction so that he may resume filing civil suits in this District.

1

Along with the motion, Plaintiff submitted a new case for filing. He included a motion for a temporary restraining order and preliminary injunction. In the motion, Plaintiff complains of excessive weight loss and his deteriorating physical appearance. He claims that he was exposed to noxious substances or a "destructive chemical [re]action" during a tuberculosis skin test in 2010. As a result, his weight has dropped from 165 pounds to approximately 120 pounds since 2010. Plaintiff requests a very specific diet, athletic shoes, thermal underwear, outdoor exercise, a urine test, and toothpaste. He also seeks evaluation and treatment for his condition. Out of an abundance of caution, the Court will allow Plaintiff to file this new case.

However, the Court otherwise declines to lift the filing restriction at this time. Plaintiff is a litigious inmate, who has amassed significant unpaid filing fees in this District. (*See* Doc. 15, pp. 1-2) (listing unpaid fees). From 2011-15, he filed 19 civil rights actions or appeals without paying any portion of the filing fee for them. *Id*. Most were dismissed as being frivolous, malicious, or for failure to state a claim. *Id*. Twice, he was ordered to show cause why he should not be barred from further litigation in this District until these fees were paid. *See Allen v. Mennenrich*, Case No. 14-cv-380-JPG (S.D. Ill., dismissed July 7, 2014) (Doc. 15); *Allen v. Hanks*, Case No. 14-cv-883-JPG (S.D. Ill., dismissed Nov. 3, 2014) (Doc. 9). He made no effort to pay the fees or stop filing meritless or frivolous suits. Since the date that the filing restriction was imposed, Plaintiff has made no effort to pay the fees he owes this Court or explain why he has not done so. Yet, he wishes to continue litigating in this District. Given his history of frivolous litigation and his significant unpaid fees, this Court deems it appropriate to extend the filing restriction by one year. *See Mack*, 45 F.3d at 187.

**IT IS HEREBY ORDERED** that the **FILING RESTRICTION** (Doc. 15, p. 7) remains in effect and is **EXTENDED** by one year until August 18, 2018. The Clerk is again

**DIRECTED** to return any documents submitted in violation of this Order and the Order Imposing Filing Restriction (Doc. 15, p. 5) to Plaintiff unfiled.

**IT IS FURTHER ORDERED** that Plaintiff's request to file the new case is **GRANTED**. The Clerk is **DIRECTED** to open the new case effective September 7, 2017, which is the date it was received. The new case shall be **ASSIGNED** to the undersigned judge.

The Clerk is also **DIRECTED** to mail a copy of this Order to Plaintiff's address of record in this case.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**

**DATED: September 9, 2017**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court