IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, #N94327,<br><br>          Plaintiffs,<br><br>v.<br><br>J. ENGELAGE, and C/O REYNOLDS,<br><br>          Defendants. | Case No. 15-cv-00175-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for consideration of a Motion for Rescission/Modification of Filing Restriction filed by Plaintiff Roderick Allen. (Doc. 22). For the following reasons, the motion is denied.

On August 18, 2015, the Court entered sanctions against Plaintiff Allen for continuously filing lawsuits without the payment of the required fees. (Doc. 15). Allen was restricted from filing any new civil actions in this District until his outstanding filing fees of $6,625.00 were paid in full. (*Id.* at 5) (citing *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185 (1995*); Newlin v. Helman,* 123 F.3d 429, 437 (7th Cir. 1997))*.* The filing restriction did not extend to a notice of appeal filed in this case, a petition for writ of habeas corpus, or any pleadings filed as a defendant in another criminal or civil case. (*Id.*). Further, it was not perpetual. Allen was informed that he "may seek modification or rescission of this Order, by filing a motion in this Court no earlier than two years from the date of entry of this Order, assuming that he fails to pay the balance of his filing fees within that two years." (*Id.*) (emphasis in original).

Allen now asks the Court, for a second time, to lift the filing restriction so that he may resume filing civil suits in this District. Specifically, he would like to commence a lawsuit and petition the Court for an injunction regarding lack of adequate treatment for an eye condition. Allen claims that he first reported a gray substance on his eyes to medical staff at Menard Correctional Center in 2008. No further treatment or evaluation was ordered. Allen did not complain or report issues regarding the gray substance until recently in March 2021. He has observed that the gray substance has increased in size and "almost completely covers the iris on both eyes." (Doc. 22, p. 3). He believes his vision will become impeded when the gray substance begins to cover his pupils, and he will be blind by the end of 2021. Allen had an appointment with Dr. Siddiqui and CMT Lang on March 16, 2021. He does not claim he reported issues with his eyes at this appointment, only that Dr. Siddiqui and CMT Lang refused to provide affidavits regarding his physical deterioration and excessive weight loss, the subject of another lawsuit that was previously dismissed in 2017. *See Allen v. Unidentified Person,* 17-cv-00968-MJR (S.D. Ill. filed Sept. 7, 2017). Allen does not claim that he has been denied treatment for his eyes, only that he would like to seek an injunction "preventing excessive delay in receiving evaluation and treatment." (Doc. 22, p. 2).

The Court declines to lift the filing restriction at this time. Allen is a litigious inmate, who has amassed significant unpaid filing fees in this District. Since the date that the filing restriction was imposed, he has made no effort to pay the fees he owes this Court or explain why he has not done so. In fact, his fees have only increased, and Allen now owes $8,835.00 in unpaid district and appellate court fees.[1] Undeterred by the filing ban, Allen is again seeking to file another frivolous

---

[1] *Allen v. Chapman*, No. 11-cv-1130-MJR (S.D. Ill. dismissed Aug. 29, 2012) ($350.00); *Allen v. Godinez*, No. 12-cv-936-GPM (S.D. Ill. dismissed Oct. 18, 2012) ($350.00); *Allen v. Harrington*, No. 13-cv-725-GPM (S.D. Ill. dismissed Aug. 23, 2013) ($400.00); *Allen v. Bower*, No. 13-cv-931-MJR (S.D. Ill. dismissed Mar. 17, 2014) ($400.00); *Allen v. Cartwright*, No. 14-cv-98-MJR-SJW (S.D. Ill. dismissed Aug. 22, 2015) ($350.00); *Allen v. Chapman,* No. 14-cv-348-JPG (S.D. Ill. dismissed Jun. 24, 2014) ($400.00); *Allen v. Mennenrich*, No. 14-cv-380-JPG

action with this Court. In describing the case he intends to file regarding delay of medical treatment, Allen confirms that he has not exhausted his administrative remedies and seeks to file a civil complaint in federal court before doing so. (Doc. 22, p. 1, 6). *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) ("the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous"). He reported issues with his eyes for the first time sometime in March and turned around and filed his motion in this case on May 4, 2021, without giving the facility time to fully address his complaints.

Not only does Allen wish to initiate a new lawsuit regarding an issue he has not exhausted, but he also is attempting to circumvent a previous court order. Allen states he wants to obtain a court order directing Dr. Siddiqui and CMT Lang to provide affidavits on his deteriorated physical appearance. (Doc. 22, p. 6). As mentioned, this request seems to be related to claims he previously asserted in 2017 regarding dramatic weight loss and deterioration of physical appearance caused by an unidentified noxious substance. *Allen v. Unidentified Person*, No. 17-cv-00968-MJR (S.D. Ill. filed Sept. 7, 2017). In that case, the Court found that Allen had not met his burden of demonstrating that a TRO, preliminary injunction, or imminent danger exception to proceed IFP was warranted. The Complaint was ultimately dismissed pursuant to the filing restriction, and Allen still owes the $400.00 filing fee. *Id.* (dismissed Sept. 19, 2017). The Court will not allow Allen to file a new case in order to continue pursuing these previous claims, while his filing fee

---

(S.D. Ill. dismissed July 7, 2014) ($400.00); *Allen v. Hanks*, No. 14-cv-883-JPG (S.D. Ill. dismissed Nov. 3, 2014) ($400.00); *Allen v. Engelage*, No. 15-cv-175-MJR (S.D. Ill. dismissed Aug. 18, 2015) (this case) ($400.00); *Allen v. Dunbar*, No. 15-cv-587-MJR (S.D. Ill. dismissed Aug. 18, 2015) ($400.00); *Allen v. Hanks,* No. 14-cv-00591-JPG-PMF (S.D. Ill. dismissed Sept. 23, 2015) ($400.00); *Allen v. Hanks,* No. 15-cv-00863-SMY (S.D. Ill. dismissed Jan. 4, 2016) ($400.00); *Allen v. Asselmeier*, No. 15-cv-00334-NJR-DGW (S.D. Ill. dismissed Sept. 23, 2015) ($350.00); *Allen v. Unidentified Person,* No. 17-cv-00968-MJR (S.D. Ill. dismissed Sept. 14, 2017) ($400.00); *Allen v. Chapman*, App. No. 12-3162 (7th Cir. dismissed Jan. 17, 2013) ($455.00); *Allen v. Grooves*, App. No. 12-3543 (7th Cir. dismissed Jan. 16, 2013) ($455.00); *Allen v. Bower*, App. No. 14-2249 (7th Cir., dismissed Jan. 23, 2015) ($505.00); *Allen v. Lang,* App. No. 15-1236 (7th Cir. dismissed July 15, 2015) ($505.00); *Allen v. Lang*, App. No. 15-1259 (7th Cir. dismissed July 15, 2015) ($505.00); *Allen v. Hanks,* App. No. 15-1491 (7th Cir. dismissed Sept. 17, 2015) ($505.00); *Allen v. Hanks*, App. No. 15-3288 (7th Cir. dismissed Dec. 31, 2015) ($505.00).

for the original case remains unpaid.

As Allen has made no attempt to pay his filing fees and again seeks to engage in frivolous litigation, the Motion for Rescission/Modification of Filing Restriction (Doc. 22) is **DENIED.** In light of the above, Allen's **FILING RESTRICTION REMAINS IN EFFECT** and is **EXTENDED** until Allen has paid his outstanding filing fees of $8,8350.00. The Clerk of Court is **DIRECTED** to continue returning any documents submitted in violation of the Order Imposing Filing Restriction (Doc. 15, p. 5) to Allen unfiled. Allen may seek modification or rescission of this Order, by filing a motion in this Court no earlier than two years from the date of entry of this new Order, assuming that he fails to pay the balance of his filing fees within that two years.

Finally, Allen is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**

DATED:   October 28, 2021

                                          *s/Stephen P. McGlynn*
                                          **STEPHEN P. MCGLYNN**
                                          **United States District Judge**