IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK T. ALLEN,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**ENGELAGE,** *et al.*,<br><br>            **Defendants.** | Case No. 15-cv-00175-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for consideration of a motion seeking to modify the filing restriction and two motions seeking to withdraw the motion to modify the filing restriction. (Doc. 30, 31, 32).

On August 18, 2015, the Court entered sanctions against Plaintiff Allen for continuously filing lawsuits without the payment of the required fees. (Doc. 15). Allen was restricted from filing any new civil actions in this District until his outstanding filing fees of $6,625.00 were paid in full. (*Id.* at 5) (citing *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185 (1995*); Newlin v. Helman,* 123 F.3d 429, 437 (7th Cir. 1997)). The filing restriction did not extend to a notice of appeal filed in this case, a petition for writ of habeas corpus, or any pleadings filed as a defendant in another criminal or civil case. (*Id.*). Further, it was not perpetual. Allen was informed that he "may seek modification or rescission of this Order, by filing a motion in this Court no earlier than two years from the date of entry of this Order, assuming that he fails to pay the balance of his filing fees within that two years." (*Id.*) (emphasis in original).

Since Allen was sanctioned, he has sought modification or rescission of the filing

restriction twice and both times his motions have been denied by the Court. (Doc. 20, 21, 22, 23). On October 28, 2021, in denying Allen's second motion for rescission or modification, the Court ruled that the filing restriction remained in effect and extended the restriction until Allen had paid his outstanding filing fees of $8,835.00. (Doc. 23, p. 4). The Clerk of Court was directed to continue returning any documents submitted by Allen unfiled. (*Id.*). Allen was advised that he could seek modification or recission of the filing restriction no earlier than two years from the date of the Order, if he failed to pay the balance of his filing fees within those two years. (*Id.*).

Allen now asks the Court to modify the filing restriction so that he may file a new complaint. (Doc. 30). He states that he has waited two years as directed by the Court and that the Court has been collecting monthly payments from his account to pay his filing fees. Allen asserts that he would pay the full filing fee, if the filing restriction is lifted and he is allowed to file his new case. (*Id.*).

After filing the motion to modify the filing restriction, Allen filed two subsequent motions asking to withdraw the original motion and for the Court to "extend the deadline to begin proceedings and file the complaint." (Doc. 31, 32). He states more time is needed to conduct legal work, and he is not physically or mentally prepared to proceed with a new case due to health issues. (Doc. 32, p. 1). Allen also informs the Court that he lacks the necessary funds to pay the full filing fee and will be in a better place to litigate his new claims after his release. (*Id.* at p. 1, 5).

The motions seeking to withdraw the motion to modify the filing restriction are **GRANTED in part** and **DENIED in part**. (Doc. 31, 32). The motion to modify the filing restriction is **DEEMED withdrawn.** (Doc. 30). Allen's request for the Court to "extend the deadline to begin proceedings" is **DENIED**. (Doc. 31, 32). There are currently no deadlines in this case. Allen was advised that he *may* seek modification or recission of the filing restriction no earlier than two years from the date of October 28, 2021. (Doc. 23). There is not a deadline,

however, for him to file such motion. To the extent Allen seeks extension of the statute of limitations for any potential claim or claims, such request is also **DENIED**. The statute of limitations is an affirmative defense raised by the opposing party, and the Court has no authority to extend the statute of limitations.

    **IT IS SO ORDERED.**

    **DATED:   December 9, 2025**

                                                     *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**